IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF MISSOURI
                                WESTERN DIVISION

| | |
|---|---|
| **CALVIN CHILDRESS, et al.** ) | |
| ) | **JURY TRIAL DEMANDED** |
| On Behalf of Themselves and ) | |
| all Others Similarly Situated, ) | |
| ) | |
| Plaintiffs, ) | Case no.: 09-3133-RED |
| ) | |
| vs. ) | |
| ) | |
| **OZARK DELIVERY OF MISSOURI,** ) | |
| **L.L.C.** ) | |
| -and- ) | |
| **KLEIN CALVERT,** ) | |
| -and- ) | |
| **EMPLOYER ADVANTAGE, L.L.C.** ) | |
| ) | |
| Defendants. ) | |

## AMENDED COMPLAINT
### Collective Action Under the FLSA

**COME NOW** the Plaintiffs Calvin Childress and Jolene S. Loyd on behalf of themselves, and all others similarly situated, by and through counsel, and hereby set forth this representative action for violation of the Fair Labor Standards Act under §216(b) as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs Calvin Childress and Jolene S. Loyd bring this action against Defendants Ozark Delivery of Missouri, L.L.C.; Klein Calvert; and Employer Advantage, L.L.C. for unpaid overtime compensation and related penalties and damages. Defendants' practice and policy is to willfully fail and refuse to properly pay overtime compensation due Plaintiffs and all other similarly situated employees who operate delivery vehicles of a gross vehicle weight of 10,000 lbs. or less. Doing so is direct in violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* (FLSA).

2. Defendants' practices are in direct violation of the FLSA, and Plaintiffs seek injunctive and declaratory relief; overtime premiums for all overtime work required, suffered, or permitted by Defendants; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

3. At all relevant times, Defendants have been, and continue to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, Defendants have employed, and/or continue to employ, "employee[s]," including each of the putative members of the FLSA representative action. At all times relevant herein, Defendants have had gross operating revenues in excess of $500,000.00 (Five Hundred Thousand Dollars).

**PARTIES**

4. Plaintiff Calvin Childress currently resides at 5439 N. Indiana Ave., Kansas City, Jackson County, Missouri. Plaintiff was employed as a delivery driver for the Defendants. The Plaintiff worked in the field on a daily basis in the Kansas City, Missouri area. Plaintiff's work originated out of Defendants' place of business located near the Kansas City International Airport in Kansas City, Missouri.

5. Plaintiff Jolene S. Loyd currently resides at 1907 N.E. 54th Terrace, Kansas City, Jackson County, Missouri. Plaintiff was employed as a delivery driver for the Defendants. The Plaintiff worked in the field on a daily basis in the Kansas City, Missouri area. Plaintiff's work originated out of Defendants' place of business located near the Kansas City International Airport in Kansas City, Missouri.

6. Defendant Ozark Delivery of Missouri, L.L.C. (hereafter "Ozark") a Missouri limited liability corporation registered and in good standing in the state of Missouri and conducting business in the state of Missouri within this judicial district.

7. Defendant Klein Calvert is the sole owner and operator of Defendant Ozark Delivery of Missouri, L.L.C. He currently resides at 12621 West 145th Street, Olathe, Johnson County, Kansas. Along with the other Defendants, Defendant Calvert exercised ownership over Ozark; exercised management of the day to day operations; generally maintained and operated Ozark; had the authority to hire, fire, and discipline employees; and decided policies regarding hours worked and method of payment to Ozark's employees.

8. Defendant Employer Advantage, L.L.C. is a Missouri limited liability company with its principle place of business located at 1230 E. 7th Street, Joplin, Missouri. Its registered agent is N. Lee Allphin located at the same address.

9. All Defendants are joint employers over the Plaintiffs, and all similarly situated employees, under the FLSA.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1311 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

11. The United States District Court for the Western District of Missouri has personal jurisdiction because Defendants conduct business within this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), inasmuch as the Defendants has/had offices, conduct business and/or can be found in the Western District of Missouri, and the cause of action set forth herein has arisen and occurred in substantial

part in this district. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendants have substantial business contacts within the State of Missouri.

## COUNT I
## FLSA CLAIM

13. Plaintiff Childress was employed by the Defendants as a delivery driver from on or about September 2003 through on or about December 2006 operating a vehicle on behalf of Defendants that had a gross operating weight of 10,000 lbs. or less.

14. Plaintiff Loyd was employed by the Defendants as a delivery driver from on or about September 2003 through on or about December 2006 operating a vehicle on behalf of Defendants that had a gross operating weight of 10,000 lbs. or less.

15. Prior to, during, and after the Plaintiffs' employment with the Defendants, the Defendants employed numerous other individuals who had similar job duties and compensation structure as the Plaintiffs in Missouri and other states ("the putative representative action plaintiffs"). The Plaintiffs and the putative representative action plaintiffs are all "employees" under the FLSA.

16. Plaintiffs bring this Complaint as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), on behalf of all persons who were, are, or will be employed by the Defendants as delivery drivers within three years from the commencement of this action who have not been compensated at one and one-half times the regular rate of pay for all work performed in excess of forty hours per week.

17. This Complaint may be brought and maintained as an "opt-in" collective action pursuant to section 16 of the FLSA, 29 U.S.C. §216(b), for all claims asserted by the Representative Plaintiff because the claims of Mr. Childress and Ms. Loyd are similar to the claims of the putative plaintiffs of the representative action.

18. The Plaintiffs and the putative representative action plaintiffs are similarly situated, have substantially similar job requirements and pay provisions, and are subject to Defendants' common practice, policy, or plan of refusing to pay overtime in violation of the FLSA.

19. The names and addresses of the putative members of the representative action are available from Defendants. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

20. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty hours in a work week.

21. Plaintiffs and the putative members of the FLSA representative action are not exempt from the right to receive overtime pay under the FLSA and are not exempt from the requirement that their employer pay them overtime compensation under the FLSA. The Plaintiffs and the putative members of the FLSA representative action are entitled to be paid overtime compensation for all overtime hours worked.

22. The Defendants failed to compensate Plaintiffs and the putative members of the FLSA representative action at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, and therefore, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§201, *et seq.,* including 29 U.S.C. §207(a)(1).

23. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

24. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, *i.e.* the putative members of the FLSA representative action, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the FLSA, 29 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

25. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants, seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by the FLSA, 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed members of the FLSA representative action, pray for relief as follows:

a. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents To Sue pursuant to U.S.C. §216(b);

b. Designation of Plaintiffs Calvin Childress and Jolene Loyd as Representative Plaintiffs of the putative members of the FLSA representative action and Donelon, P.C. and Brown & Associates, LLC as counsel for the class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. §201, *et seq.*;

d. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with Defendants, as provided

by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

e. An award of damages for overtime compensation due for the Plaintiffs and the putative members of the class, including liquidated damages, to be paid by Defendants;

f. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

g. Pre-Judgment and Post-Judgment interest, as provided by law; and

h. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## Demand for Jury Trial

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they and all members of the proposed representative action have a right to jury trial.

Respectfully submitted,

*/s/ Brendan J. Donelon*
Brendan J. Donelon, MO #43901
802 Broadway, 7th Floor
Kansas City, Missouri 64105
Tel:	(816) 221-7100
Fax:	(816) 472-6805
brendan@donelonpc.com

**ATTORNEYS FOR PLAINTIFF**

*/s/ Jason Brown*
Jason Brown, MO #49952
**Brown & Associates, LLC**
204B U.S. 169 Hwy.
Trimble, MO 64492
Tel: 816-505-4529
Fax: 816-357-2101
kclawyerbrown@yahoo.com

## Certificate of Service

I hereby certify that a true and correct copy of the above and foregoing was sent on September 23, 2010 via the ECF requirements and standing orders for the Western District of Missouri to:

Jason N. Shaffer
1021 E. Walnut
Springfield, MO 65806

**ATTORNEY FOR DEFENDANT**