IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| CALVIN CHILDRESS, et al. On Behalf of Themselves and of all Others Similarly Situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>OZARK DELIVERY OF MISSOURI L.L.C. and<br><br>KLEIN CALVERT,<br><br>and EMPLOYER ADVANTAGE, L.L.C.<br><br>    Defendants. | Case No.: 09-CV-3133-RED |

**DEFENDANT EMPLOYER ADVANTAGE L.L.C.'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT**

For its Answer to Plaintiffs' Amended Complaint, Defendant Employer Advantage L.L.C. ("Employer Advantage") avers and states as follows.

**ANSWER TO PRELIMINARY STATEMENT**

1. Paragraph 1 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies all allegations of fact and/or conclusions of law set forth in Paragraph 1 of Plaintiffs' Amended Complaint not explicitly admitted and further denies any such alleged willful conduct or alleged practice or policy and denies further that either Plaintiff or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

2. Paragraph 2 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies all allegations of fact and/or conclusions of law set forth in Paragraph 2 of Plaintiffs' Amended

1

Complaint not explicitly admitted and further denies that either Plaintiffs or any other individual has a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

3. Paragraph 3 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage admits only so much of Paragraph 3 of Plaintiffs' Amended Complaint as alleges that at certain times Employer Advantage provided certain services to Defendant Ozark Delivery, L.L.C. ("Ozark") up through December 2007. Furthermore, Employer Advantage denies that it employed either Plaintiff after December, 2006. Employer Advantage denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 3 of Plaintiffs' Amended Complaint not explicitly admitted and further denies that either Plaintiffs or any other individual have a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

## ANSWER TO ALLEGATIONS ABOUT PARTIES

4. Employer Advantage admits only so much of Paragraph 4 of Plaintiffs' Amended Complaint as alleges that Plaintiff Childress provided client services as a delivery driver for Defendant Ozark at its facility in Kansas City, Missouri. Employer Advantage is without sufficient information to either admit or deny Plaintiffs' present citizenship, residency or daily activities and, therefore, denies the same. Employer Advantage denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 4 of Plaintiffs' Amended Complaint not explicitly admitted.

5. Employer Advantage admits only so much of Paragraph 5 of Plaintiffs' Amended Complaint as alleges that Plaintiff Loyd provided client services as a delivery driver for Defendant Ozark at its facility in Kansas City, Missouri. Employer Advantage is without sufficient information to either admit or deny Plaintiffs' present citizenship, residency or daily

activities and, therefore, denies the same. Employer Advantage denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 5 of Plaintiffs' Amended Complaint not explicitly admitted.

6. Employer Advantage is without sufficient information to either admit or deny the allegations in Paragraph 6 of Plaintiffs' Amended Complaint and, therefore, denies the same.

7. Employer Advantage is without sufficient information to either admit or deny the allegations in Paragraph 7 of Plaintiffs' Amended Complaint and, therefore, denies the same.

8. Employer Advantage admits Paragraph 8 of Plaintiffs' Amended Complaint.

9. Paragraph 9 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 9 of Plaintiffs' Amended Complaint.

## ANSWER TO ALLEGATIONS ABOUT JURISDICTION AND VENUE

10. Paragraph 10 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. Employer Advantage denies any allegations of fact and/or conclusions of law set forth in Paragraph 10 of Plaintiffs' Amended Complaint.

11. Paragraph 11 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage admits that it conducts business within this District. Employer Advantage denies the remaining allegations of fact and/or conclusions of law set forth in Paragraph 11 of Plaintiffs' Amended Complaint.

12. Paragraph 12 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required Employer Advantage admits that it conducts business within this District. Employer Advantage denies all remaining allegations of

3

KCP-4064019-2

fact and/or conclusions of law set forth in Paragraph 12 of Plaintiffs' Amended Complaint not explicitly admitted.

## ANSWER TO COUNT I

13. Employer Advantage admits only so much of Paragraph 13 of Plaintiffs' Amended Complaint as alleges Plaintiff Childress provided client services as a delivery driver from September, 2005 to December, 2006 for Defendant Ozark, and denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 13 of Plaintiffs' Amended Complaint not explicitly admitted.

14. Employer Advantage admits only so much of Paragraph 14 of Plaintiffs' Amended Complaint as alleges Plaintiff Loyd provided client services as a delivery driver from September, 2005 to December, 2006 for Defendant Ozark, and denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 14 of Plaintiffs' Amended Complaint not explicitly admitted.

15. Employer Advantage admits only that certain other individuals provided client services for Defendant Ozark as delivery drivers through December, 2006, and denies all remaining allegations of fact and/or conclusions of law set forth in Paragraph 15 of Plaintiffs' Amended Complaint not explicitly admitted.

16. Paragraph 16 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 16 of Plaintiffs' Amended Complaint.

17. Paragraph 17 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the

4

remaining allegations of fact and/or conclusions of law set forth in Paragraph 17 of Plaintiffs' Amended Complaint.

18. Paragraph 18 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 18 of Plaintiffs' Amended Complaint.

19. Paragraph 19 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 19 of Plaintiffs' Amended Complaint.

20. Paragraph 20 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 20 of Plaintiffs' Amended Complaint.

21. Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 21 of Plaintiffs' Amended Complaint.

22. Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 22 of Plaintiffs' Amended Complaint.

23. Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 23 of Plaintiffs' Amended Complaint.

24. Employer Advantage denies the allegations of fact and/or conclusions of law set forth in Paragraph 24 of Plaintiffs' Amended Complaint.

25. Paragraph 25 of Plaintiffs' Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, Employer Advantage denies all allegations of fact and/or conclusions of law set forth in Paragraph 25 of Plaintiffs' Amended Complaint and further denies that either Plaintiffs or any other individual have a valid cause of action or is entitled to any relief whatsoever, whether in law or equity.

### GENERAL DENIAL

Employer Advantage denies each and every fact allegation or conclusion of law not expressly admitted.

### ANSWER TO PRAYER FOR RELIEF

Employer Advantage denies the allegations of fact and/or conclusions of law set forth in the WHEREFORE Paragraph of Plaintiffs' Amended Complaint (and each of its subparts) and further denies that either Plaintiffs or any other individual are entitled to any relief whatsoever, whether in law or equity.

### ANSWER TO DEMAND FOR JURY TRIAL

Plaintiffs' prayer for certification of a collective action, notice to alleged class members, liquidated damages, interest, attorneys' fees, costs, disbursements, and/or any other equitable relief are not triable to a jury.

### AFFIRMATIVE AND OTHER DEFENSES

Further answering, and in defense of Plaintiffs' claims, or any claims of any person who may opt-in to this proceeding, Employer Advantage states as follows:

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief can be granted under the FLSA, for example, Plaintiffs have not pled sufficient facts to support either claim of joint employer or integrated enterprise liability.

2. Actions taken by Employer Advantage with respect to Plaintiffs were taken with the good-faith belief that such actions complied with all applicable laws, based on Employer Advantage's understanding of Plaintiffs' driver duties and whether those duties were consistent with available exemptions and applications of the FLSA.

3. Because the period of time alluded to in Plaintiffs' Amended Complaint predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims are barred.

4. Plaintiffs' claims are barred by the doctrines of waiver and/or estoppel, based, at least, on representations that their time reports were accurate.

5. Plaintiffs' claim for "willful" violations of the FLSA is barred by 29 C.F.R. § 578.3(c) because Plaintiffs cannot show Employer Advantage knew or acted with reckless disregard, nor have they pled any such facts in their Amended Complaint.

6. Even assuming that Plaintiffs' Amended Complaint plausibly alleged a willful violation of the FLSA, which Employer Advantage denies, Plaintiffs' lawsuit is, nonetheless, barred by the statute of limitations because it was not filed and served on Employer Advantage until more than three years had passed and Employer Advantage lacked knowledge of such suit filed against any other party.

7. Plaintiffs' claims may be barred in whole or in part by the provisions of 29 U.S.C. § 213(b)(1), inasmuch as Plaintiffs and the employees referenced in Plaintiffs' Amended Complaint were employed in a position subject to the jurisdiction of the Secretary of Transportation to set qualifications and maximum hours of service pursuant to Section 204 of the Motor Carrier Act of 1935, 49 U.S.C. § 31502, and are, therefore, exempt from the overtime provisions of the FLSA.

8. Plaintiffs' claims are barred, in whole or in part, by the SAFETEA-LU Technical Corrections Act of 2008, Pub. Law 110-244 § 306.

9. Plaintiffs are not entitled to recover any damages, the existence of which damages Employer Advantage specifically denies, as Employer Advantage acted in good faith reliance on the Wage and Hour Administrator's regulations and decisions, and the decisions of federal courts applicable during the relevant time period.

10. Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, including but not necessarily limited to, all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to their principal activities, or all hours during which Plaintiffs were engaged in the use of their employer's vehicle for travel and other activities which were incidental to the use of their employer's vehicle for commuting.

11. Plaintiffs' claims and/or those of any individual who "opts in" to this proceeding are barred in whole or in part as *de minimis* time and, thus, noncompensable.

12. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages.

13. For any damages for which Employer Advantage is found liable, the existence of which damages and liabilities Employer Advantage specifically denies, Employer Advantage is entitled to a set-off or credit for any amounts Plaintiffs earned or received or could have earned or received through reasonable efforts on their part.

14. The claims and allegations of Plaintiffs Childress and Loyd are not typical of the claims of the purported class members, and they will not fairly and adequately protect the interest of the purported class members.

15. Further answering Plaintiffs' Amended Complaint, Employer Advantage avers that Plaintiffs' request that this case proceed as a collective action is improper because Plaintiffs are not similarly situated to other prospective or putative plaintiffs, their claims are not representative of and, therefore, lack common issues with, other prospective or putative plaintiffs, and there is no basis for concluding that the potential group of "opt-in" plaintiffs are so numerous as to require collective treatment, as opposed to having other individual claims proceed separately and individually.

16. Employer Advantage specifically denies all allegations in Plaintiffs' Amended Complaint not specifically admitted herein.

17. Employer Advantage expressly reserves the right to add additional affirmative defenses pending further discovery.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Employer Advantage requests that Plaintiffs' Amended Complaint be dismissed in its entirety, with costs taxed against Plaintiffs, and for such other relief as the Court deems just and proper.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *Patrick M. Gavin*
John Power MO Bar No. 35312
Patrick M. Gavin MO Bar No. 43696
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Telephone: (816) 983-8000
Facsimile: (816) 983-8080
john.power@huschblackwell.com
patrick.gavin@huschblackwell.com

*Attorneys for Employer Advantage*

KCP-4064019-2

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing was filed via the Court's CM/ECF System on this 26th day of October, 2010 and therefore electronically served upon:

**Brendan J. Donelon**
DONELON, P.C.
802 Broadway St.
Seventh Floor
Kansas City, MO 64105
(816)221-7100
Fax: (816)472-6805
Email: brendan@donelonpc.com

and

**Charles Jason Brown**
Brown & Associates, LLC
204B North US 169 Highway
PO BOX 125
Trimble, MO 64492-0125
(816) 505-4529
Fax: (816) 357-2101
Email: kclawyerbrown@yahoo.com

ATTORNEYS FOR PLAINTIFFS

**Jason N. Shaffer**
1021 E. Walnut
Springfield, MO 65806
(417) 866-9993
Fax: (417) 882-1769
Email: jnshaffer@prodigy.net

ATTORNEY FOR DEFENDANT
OZARK DELIVERY OF MISSOURI L.L.C.

                                            /s/     Patrick M. Gavin
                                        An attorney for Employer Advantage