IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| CALVIN CHILDRESS, et al. On Behalf of Themselves and of all Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.: 09-CV-3133-RED |
| OZARK DLEIVERY OF MISSOURI L.L.C. and | ) ) ) | |
| KLEIN CALVERT, | ) ) | |
| and EMPLOYER ADVANTAGE, L.L.C. | ) ) ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF EMPLOYER ADVANTAGE, LLC'S
MOTION TO STAY THE PROCEEDINGS PENDING THE ARBITRATION OR, IN
THE ALTERNATIVE, STAY THE PROCEEDING PENDING A NEW CASE
MANAGEMENT ORDER**

Employer Advantage L.L.C. ("Employer Advantage") has moved this Court for an Order staying the proceeding until after the claims between Employer Advantage and Ozark Delivery of Missouri, LLC ("Ozark Delivery") can be arbitrated and the arbitration judgment be entered into by the Court or the Court takes judicial acceptance of the judgment. In the alternative, Employer Advantage requests that the Court stay this proceeding until a new case management order can be entered. The bases for Employer Advantage's motion are as follows:

**BACKGROUND**

On July 25, 2005, Employer Advantage and Ozark Delivery entered into a Client Service Agreement with each other. (The Agreement was filed with this Court as Document 34-2).

1

On April 24, 2009 the Plaintiffs filed their Complaint in this matter. Plaintiffs' Complaint made claims against Ozark Delivery only. Thereafter, on August 6, 2010, the Plaintiffs filed their motion for leave to amend the complaint by adding the owner of Ozark Delivery, Klein Calvert, as an additional defendant.

Three days later, on August 9, 2010, Ozark Delivery filed a motion for leave to file a Third Party Complaint naming, for the first time, Employer Advantage as a third-party defendant. On August 11, 2010, Plaintiffs filed a Motion for Leave to File their First Amended Complaint, which added Employer Advantage as a defendant to the proceeding. After leave was granted, Plaintiffs filed their First Amended Complaint on September 23, 2010, but did not serve it on Employer Advantage until October 5, 2010. The sole basis for Plaintiffs adding Employer Advantage as a party defendant was because of the contractual relationship between Ozark Delivery and Employer Advantage. After the Court issued a Show Cause Order against Ozark Delivery, it (Ozark Delivery) finally filed its crossclaim against Employer Advantage on November 1, 2010. In its crossclaim, Ozark Delivery asserts that Employer Advantage is contractually obligated to pay any judgment entered against Ozark Delivery.

## ARGUMENT

### A.     Ozark Delivery's Dispute With Employer Advantage Must Be Arbitrated.

Section 22(a) of the Client Service Agreement provides that upon mutual agreement, disputes between Employer Advantage and Ozark Delivery can be settled through mediation. Section 22(b) of the Agreement further provides that all other disputes are subject to mandatory arbitration. More specifically, the Agreement states that "[a]ny dispute between the parties hereto or a claim by a party against the other party arising out of, or in relation to this Agreement or in relation to any alleged breach thereof shall be finally determined by arbitration." Id.

Here, Ozark Delivery's third-party complaint against Employer Advantage triggers Section 22 because it constitutes a claim by Ozark Delivery against Employer Advantage arising out of, or in relation to the Agreement or a breach of the agreement. As a result, the parties' disputes or claims must be resolved in arbitration. Because of the parties' agreement, and pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. § 3[1], this court should not take jurisdiction over the dispute between Employer Advantage and Ozark Delivery and it should permit the parties to proceed to arbitration as contemplated by the agreement.

### B. The Court Should Stay the Proceeding Until After the Arbitration Is Concluded.

The sole basis for either Plaintiffs' claim against Employer Advantage or Ozark Delivery's claim against Employer Advantage is based upon the Client Service Agreement. If Ozark Delivery failed to comply with the terms of the Agreement, including providing Employer Advantage with all the necessary information and following Employer Advantage's recommendations, then the Agreement would be nullified and there would be no basis to keep Employer Advantage as a party to the lawsuit, either as a defendant or a crossclaim defendant.

All the parties should want to stay this action to determine the validity of their basis to include Employer Advantage as a party to the suit. It is not in the Plaintiffs best interest to expend resources and potentially obtain a judgment against Employer Advantage only to thereafter receive a determination that the lone basis to treat Employer Advantage as a joint employer was nullified.

Nor is it in Ozark Delivery's best interest to pursue the litigation while the issue as to whether Employer Advantage is a joint employer or otherwise subject to indemnifying Ozark

---

[1] 9 U.S.C. § 3 states in relevant part that "[i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which suit is pending . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had."

Delivery is an open question. Ozark Delivery and Employer Advantage should first arbitrate their various claims against each other, including whether Employer Advantage is a joint employer with Ozark Delivery pursuant to the terms and conditions of the Client Service Agreement. Because equity and the preservation of judicial resources favor staying this proceeding, Employer Advantage respectfully requests that this Court enter an Order staying the case until the arbitration between the parties has concluded.

        **C.**     **In the Alternative the Court Should Stay the Current Scheduling Order So That Employer Advantage Can Protect Its Due Process Rights**.

Alternatively, the Court should stay the current scheduling order so that Employer Advantage may participate in the litigation and protect its due process rights. Under the current schedule all discovery has closed, the class has been defined, opt-in members have been identified and dispositive motions are due in three days. Denying Employer Advantage the right to participate in any of these activities is tantamount to denying it of its due process rights. It is not Employer Advantage's fault that it was brought into the proceedings at such a late date and it should not be the only party to bear such an incredible (and unconstitutional) burden because of its late entry into the litigation.

Accordingly, this Court should, at a minimum, stay the proceeding until the parties can meet with the Court and prepare a new case management order that would permit Employer Advantage to meaningfully participate in the case.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/    *John Power*
    John Power                 MO Bar No. 35312
    Patrick M. Gavin        MO Bar No. 43696
    4801 Main Street, Suite 1000
    Kansas City, Missouri 64112
    Telephone: (816) 983-8000
    Facsimile: (816) 983-8080
    john.power@huschblackwell.com
    patrick.gavin@huschblackwell.com

*Attorneys for Employer Advantage*

# **CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies the foregoing was filed via the Court's CM/ECF System on this 11th day of November, 2010 and therefore electronically served upon:

**Brendan J. Donelon**
DONELON, P.C.
802 Broadway St., 7th Floor
Kansas City, MO 64105
(816)221-7100
Fax: (816)472-6805
Email: brendan@donelonpc.com

and

**Charles Jason Brown**
Brown & Associates, LLC
204B North US 169 Highway
PO BOX 125
Trimble, MO 64492-0125
(816) 505-4529
Fax: (816) 357-2101
Email: kclawyerbrown@yahoo.com

ATTORNEYS FOR PLAINTIFFS

**Jason N. Shaffer**
1021 E. Walnut
Springfield, MO 65806
(417) 866-9993
Fax: (417) 882-1769
Email: jnshaffer@prodigy.net

ATTORNEY FOR DEFENDANT
OZARK DELIVERY OF MISSOURI L.L.C.

                                                      /s/     *John Power*
                                          An attorney for Employer Advantage