**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **CALVIN CHILDRESS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No.  6:09-cv-03133-MDH** |
| ) | |
| **OZARK DELIVERY** ) | |
| **OF MISSOURI, LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This civil action was initiated on April 24, 2009.  The case pends on Plaintiff's Amended

Complaint filed September 23, 2010, (Doc. 43), the Answers to that Complaint filed by

Defendant Employer Advantage, L.L.C. (Doc. 46) and by Defendant Ozark Delivery of

Missouri, LLC (Doc. 48) and Defendants' cross-claims (Docs. 48 and 51).  Upon motion filed by

Defendant Employer Advantage (Docs. 52 and 53), without objection, on December 13, 2010,

the Court stayed further proceedings pending arbitration between the Defendants relating to their

relative liability, if any (Doc. 54).  Under the stay, Defendants were to report to the Court every

sixty (60) days concerning the status and progress of the arbitration.  Those status reports were

filed up to and until June 26, 2013, (Doc. 79).  Several reports were filed only after prompting by

the Court (Docs. 68, 71, 73, 75 and 78).

On October 22, 2013, Plaintiffs filed a motion for order to show cause why the pending

arbitration should not be finalized by January 6, 2014, (Doc. 80).  Defendant Employer

Advantage filed its response to the show cause motion on November 11, 2013, (Doc. 81).

Therein, Defendant Employer Advantage, L.L.C. advised the Court:

"Plaintiffs' counsel and Employer Advantage's counsel have discussed

Plaintiffs' motion as well as the status of completing the arbitration between

Employer Advantage and Ozark Delivery.  During the discussion, Employer

Advantage's counsel committed to completing its portion of the arbitration

proceeding (principally dispositive motions) by the end of November."

(emphasis added)

Later, in the same document, Employer Advantage represents:  "Employer Advantage

will provide the Court with a status report by the end of November."  No status report was filed

with the Court by Employer Advantage by the end of November 2013.

On January 6, 2014, the Court entered its Order directing the parties to file a status report

within ten (10) days (Doc. 82).  Plaintiff complied (Doc. 83).  Neither Defendant responded.

The Court then entered its Order dated April 7, 2014, (Doc. 84) wherein the Court once again

ordered Employer Advantage, L.L.C. to file a status report, this one to be filed on or before April

18, 2014, and to show cause for its failure to follow the previous Orders of the Court.  Once

again, Employer Advantage, L.L.C. ignored the Order of the Court.

On April 22, 2014, this case was assigned to the undersigned for all further proceedings.

Upon review of the docket, the Court noted the failure of Defendant Employer Advantage,

L.L.C. to file the November status report it promised the Court in its Response to the Motion to

Show Cause (Doc. 81), and the failure of Defendant Employer Advantage, L.L.C. to comply

with the Court Orders of January 6, 2014, and April 7, 2014.

A telephone conference of the parties was held on May 20, 2014, (Doc. 88).  In the

Notice of Hearing, the parties were advised they should be prepared to discuss the status of the

arbitration, and to provide any explanations they may have for the failure to repeatedly comply with Orders of the Court and the issue of possible sanctions.

During the May 20, 2014 telephone conference, counsel for Defendant Employer Advantage, L.L.C. and Ozark Delivery of Missouri, LLC both advised that they expected dispositive motions in the arbitration to be filed "soon." The Court noted counsel for Defendant Employer Advantage had previously represented to the Court that the Dispositive Motions in the Arbitration would be filed by the end of November 2013 (Doc 81). No explanation was provided as to why the dispositive motions in the arbitration were not completed in November as previously represented, or for that matter, why arbitration proceedings between Defendants allegedly started in 2010 and had not reached conclusion.

Similarly, no satisfactory explanation was provided to this Court as to why counsel for Defendant Employer Advantage, L.L.C. failed to file the report it promised the Court in November of 2013 (Doc. 81), nor why it failed to respond to the Court Orders dated January 6, 2014 (Doc. 82) and April 7, 2014 (Doc 84). Counsel referred vaguely to personal issues, but such issues do not explain why, if personal issues prevented compliance with the Court's Order, counsel did not arrange for someone else in his firm to assist in complying with the Court's Orders.

During the telephone conference, Plaintiffs' counsel expressed the desire to proceed with the litigation. All parties agreed that the arbitration was limited to the respective rights of the two Defendants and that Plaintiffs were not part of the arbitration proceeding, nor subject to any arbitration agreement.

Based on the Court's review of the history of the case, the filings therein, and the representations during the telephone conference of May 20, 2014, the Court hereby **ORDERS**

that the Stay of December 13, 2013, (Doc. 54) lifted.  The Court will enter a new Scheduling and Trial Order.  Defendants may continue to arbitrate their relative rights, but such arbitration should in no way further delay or impair progress of this litigation.

The Court lifts the Stay because:  (1) Defendants have had more than ample time to complete the arbitration and their failure should not further delay Plaintiffs' pursuit of their claim; (2) Plaintiffs have expressed a desire to avoid further delay in the progress of this litigation due to the arbitration; and (3) because the counsel for Employer Advantage, L.L.C. has proven unreliable in representations to the Court regarding the progress of the arbitration.

The Court finds that there is no valid excuse for how long the arbitration has been allowed to pend without progress, let alone resolution.  The Court finds the failure of counsel for Employer Advantage, L.L.C. to report to this Court regarding the status of the arbitration both inexcusable and unprofessional.  So, too, was the failure of counsel for Employer Advantage, L.L.C. to respond to the multiple inquiries of Plaintiffs' counsel regarding the status of the arbitration as described in Plaintiffs' Motion for Order to Show Cause (Doc. 80), and the Status Report concerning the Order (Doc. 83).

The Court finds the conduct of counsel for Defendant Employer Advantage, L.L.C. in this case to be unacceptable and subject to sanction.  Counsel is expected to, and is **ORDERED** to, respond reasonably to communications by other counsel and to timely, fully and accurately respond to any and all Court Orders.  Further failures will result in serious sanctions being imposed.  Frankly, it is stunning to this Court that a lawyer affiliated with a highly reputable firm such as that of Husch Blackwell LLP, has conducted himself in the manner which counsel has acted in the instant case.

Counsel for Defendant Employer Advantage, L.L.C. is specifically directed to provide a copy of this Order to the managing partner of Husch Blackwell LLP, 4801 Main Street, Suite 1000, Kansas City, MO 64112, so that the firm is aware of the Court's concerns regarding counsel's conduct, and so that additional staff and support may be provided counsel during times he confronts personal issues which interfere with his ability to comply with Court Orders. Hopefully this will assure compliance with future Orders of the Court and that no further unnecessary delays in the progress of this case occur.

**IT IS SO ORDERED.**

DATED:      May 21, 2014


  /s/ Douglas Harpool              
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**