# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

**CALVIN CHILDRESS, et al.**　　　　)
　　　　　　　　　　　　　　　　　　)
On Behalf of Themselves and　　　　　)
all Others Similarly Situated,　　　　　)
　　　　　　　　　　　　　　　　　　)　Case no.: 09-3133-SRB
　　　Plaintiffs,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
**OZARK DELIVERY OF MISSOURI,** )
**L.L.C., et al.**　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　)

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT EMPLOYER ADVANTAGE, LLC'S RENEWED MOTION FOR SUMMARY JUDGMENT

# EXHIBIT H

liability for a qualifying event under Internal Revenue Code § 414(n), and specifically indemnifies EA for said liability.

Further, Recipient agrees that in the event of termination of this agreement, Recipient will assume responsibility and liability for administration of all COBRA/State Mandated provisions for any such participants or eligible parties with respect to benefits plans for which Recipient is contractually responsible. EA will continue to administer COBRA provisions for participants who experience one or more qualifying events prior to termination of this contract, for benefit plans for which EA sponsors and for which it is contractually responsible. It is further understood that termination of this service agreement, in and of itself, cannot be defined as a qualifying event under COBRA/State Mandated provisions.

24. **Notices.** All notices, requests, demands and other communications hereunder shall be in writing and addressed to each party as follows:

If to the Company:
The Employer Advantage, LLC
1230 East 7th Street
Joplin, Missouri 64801
Attention: N. Lee Allphin
Phone: 417-782-3909 / Fax: 417-782-3802

~~Ozark Delivery, LLC~~
Att: Klein Calvert
9726 West 145 Terrace
Overland Park, KS 66221
Phone: 913-402-8399 / Fax: 913-402-8887

Any such notice shall be deemed to be given (i) on the date of service, if served personally or by fax on the party to whom such notice is to be given, (ii) on the day after deposit, if deposited with a nationally recognized courier for overnight delivery to the party to whom notice is to be given, postage prepaid and properly addressed, or (iii) on the third day after mailing, if mailed to the party to whom notice is to be given, by first class mail, registered or certified, postage prepaid and properly addressed.

25. **Titles and Headings.** Titles and headings to sections herein are inserted for the convenience of reference only and are not be intended to be a part of or to affect the meaning or interpretation of this Agreement.

26. **Counterparts.** This Agreement may be executed in counterparts, including facsimiles thereof, all of which taken together shall constitute one instrument.

27. **Entire Agreement.** This Agreement represents the entire agreement between the parties, and supercedes any prior discussions, negotiations, verbal or written agreements or agreements in principle. The parties agree that any amendment or revision of this Agreement shall be made in writing only, which shall be signed by the Owner, CEO, President or equivalent of each party or an assignee.

28. **Severability.** In the event that a court of competent jurisdiction or an arbitrator, under the processes of Paragraph 22 of this Agreement determines that any provision(s) of this Agreement is invalid as a matter of law, the remaining provision(s) of this Agreement shall remain fully valid and enforceable.

29. **Waiver.** Performance of any obligation required by a party hereunder may be waived only by a written waiver signed by the other party or a duly authorized officer of the other party, which waiver shall be effective only with respect to the specific obligation described therein. The waiver by either party hereto of a breach or an obligation of the other shall not operate or be construed as a waiver of any subsequent breach of the same

b.  **Arbitration.** All other disputes are subject to mandatory arbitration. Any dispute between the parties hereto or a claim by a party against the other party arising out of, or in relation to this Agreement or in relation to any alleged breach thereof shall be finally determined by arbitration. The arbitration proceeding shall take place in Joplin, Missouri, or such other location as the parties in the dispute may agree. The parties shall either agree upon an arbitrator or, if they are unable to so agree, shall engage the services of the American Arbitration Association (AAA) to obtain a list of five arbitrators who shall be skilled in the legal and business aspects in the subject matter of this Agreement and of the dispute. The parties, with the Recipient striking first, shall take turns striking names from said list of arbitrators, thus the one remaining arbitrator shall arbitrate the dispute. The party alleging the dispute shall alone bear the cost of retaining the arbitrator's services. In the event that the party alleging the dispute prevails, this cost shall be awarded by the arbitrator as damages to the prevailing party. The arbitrator shall apply the AAA's Commercial Arbitration Rules and the Federal Arbitration Act, and shall be bound by the substantive laws of the State of Missouri. Conflict of laws rules shall not apply. All claims must be filed with the selected arbitrator(s) within the applicable statute of limitations under Missouri law.

Any claim exceeding $20,000.00 (Twenty Thousand and No/100 Dollars) shall be heard by a panel of three arbitrators. For claims exceeding $20,000.00, the parties shall each have the right to choose one arbitrator from a list provided by the AAA, and those arbitrators shall appoint the third arbitrator, who will serve as chief arbitrator and render the panel's decision and award. Any decision rendered by the arbitrator may be accompanied by a written opinion and support thereof, and shall be final and binding between the parties in dispute without right of appeal. Judgment upon any such decision may be entered into by any court having jurisdiction thereof, or application may be made to such court for a judicial acceptance of the decision and an order of enforcement. The cost of the arbitration (except the initial retainer fee) shall be assessed by the arbitrator against any or all of the parties in dispute, and shall be paid promptly by the party or parties so assessed. This agreement to arbitrate shall survive the termination, expiration or breach of this agreement by any party.

23. **COBRA.** EA Advantage agrees to provide administration of COBRA and/or State Mandated continuation of coverage provisions for the duration of this agreement. Such provisions will be administered as they may apply to either Recipient or EA Advantage, whichever is the contractually responsible party for each benefit plan.

    In the event of cancellation of this contract, Recipient shall have the duty and responsibility for replacing or continuing for the employees such health care coverages as shall avoid the generation of a qualifying event under Internal Revenue Code § 4980B. Recipient acknowledges this responsibility and liability, as well as the liability for a qualifying event under Internal Revenue Code § 414(n), and specifically indemnifies EA Advantage for said liability. Further, Recipient agrees that in the event of termination of this agreement, Recipient will assume responsibility and liability for administration of all COBRA/State Mandated provisions for any such participants or eligible parties with respect to benefits plans for which Recipient is contractually responsible. EA Advantage will continue to administer COBRA provisions for participants who experience one or more qualifying events prior to termination of this contract, for benefit plans for which EA Advantage sponsors and for which it is contractually responsible. It is further understood that termination of this service agreement, in and of itself, cannot be defined as a qualifying event under COBRA/State Mandated provisions.

24. **Notices.** All notices, requests, demands and other communications hereunder shall be in writing and addressed to each party as follows:

    If to the Company:   EA Advantage, LLC
    1230 East 7th Street
    Joplin, Missouri 64801
    Attention: N. Lee Allphin
    Phone: 417-782-3909 / Fax No. 417-782-3802

    Page 10